# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **SPROUT PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No: 5:21-cv-00127** |
| | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff Sprout Pharmaceuticals, Inc. ("Sprout"), for its complaint against Defendant John Doe ("Defendant"), states and alleges the following:

## SUBSTANCE OF THE ACTION

1.      This is a civil action seeking damages and injunctive relief for unfair competition and false advertising under the Lanham Act, unfair and deceptive trade practices under N.C. GEN. STAT. § 75-1.1 et seq., and common law unfair competition.

## THE PARTIES

2.      Sprout is a Delaware corporation with a principal place of business in Raleigh, North Carolina.

3.      Upon information and belief, Defendant owns and operates the website domain Female-Libido-Enhancers.info (the "Website"). Due to the illicit nature of its business practices, Defendant engages in various tactics to make it virtually impossible for Sprout to learn the true identity of the owners or operators behind the Website, including by providing false and incomplete identifying information on their websites and in internet registries and by employing identity-shielding intermediaries to register the domain, such as Domains by Proxy, LLC.

4.      A search to discover the domain registrant and hosting provider for the Website

reveals that Defendant is using the Content Delivery Network ("CDN") provider Cloudflare, Inc. ("Cloudflare") to mask its identity. **Exhibit A.** The Internet Protocol ("IP") address associated with Defendant's website belongs to Cloudflare. **Exhibit B.** Upon information and belief, Cloudflare knows the true identity of Defendant based upon Cloudflare's: i) contractual relationship with it; ii) provision of CDN services to it; iii) receipt of payments from it; and iv) the provision of technical support to the Website. When Sprout obtains additional credible information regarding the identity of the individuals or entities acting as the Defendant from Cloudflare or through the discovery process, Sprout will seek to take steps to amend the Complaint to further identify the responsible parties.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

6.      Venue and personal jurisdiction are proper in this district because Defendant does business in this district, a substantial part of the events giving rise to the claims occurred in this district, and Defendant may be found in this district within the meaning of 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      Sprout is a pharmaceutical company which specializes in the production of an FDA-approved drug product indicated for the treatment of Hypoactive (low) Sexual Desire Disorder (HSDD) in women who have not gone through menopause, who have not had problems with low sexual desire in the past, and who have low sexual desire no matter the type of sexual activity, the situation, or the sexual partner.

8.      Sprout markets its drug product under the registered trademark ADDYI®. Sprout is the exclusive owner of all right, title, and interest in and to a global portfolio of registrations for the ADDYI® trademark, including U.S. Reg. No. 4,860,061 (ADDYI) and U.S. Reg. No.

2

5,580,590 (ADDYI & Design). **Exhibit C**.

9. Upon information and belief, Defendant has published to the Website numerous false and misleading statements concerning Sprout's ADDYI® medication. A printout from the Website is attached hereto as **Exhibit D**.

10. The Website states that "ADDYI is a female libido enhancement supplement which is sold on the Internet" and that the "[o]fficial website calls ADDYI the #1 female libido complex." **Exhibit D**, at 1. This is false. Sprout's ADDYI® medication is not a "supplement" but rather an FDA-approved medication for the treatment of a clinical condition, and it is dispensed only by prescription. Further, Sprout never refers to its medication as a "female libido complex."

11. The Website states that Sprout fails to provide testimonials, descriptive explanations, "scientific proofs," or sufficient information regarding its ADDYI® medication. **Exhibit D**, at 1. This too is false. Sprout provides on its website at www.addyi.com detailed information about its medication, such as prescribing information, a medication guide, patient testimonials, safety information, and answers to frequently asked questions. **Exhibit E**. Moreover, the medication's efficacy and safety were established in three pivotal North America trials involving thousands of women before it was approved by the U.S. Food and Drug Administration, as well as by Health Canada. **Exhibit E**, at 9-10.

12. The Website represents that Sprout's ADDYI® medication contains Panax Ginseng and lacks "proven ingredients." **Exhibit D**, at 1. Again, this is plainly false. Sprout's ADDYI® medication does not contain, and has never contained, Panax Ginseng. **Exhibit E**, at 17. And the medication's active ingredient, Flibanserin, has been clinically proven as effective in treating HSDD. *Id.* at 7.

13. Upon information and belief, the Website's false and misleading statements are part

3

of a scheme to promote a purportedly competitive dietary supplement called "Libitrinex" by deceiving consumers into believing that the Website presents objective reviews of various "libido support supplements" – and that these reviews determined "Libitrinex" to be the best product.

14.     Upon information and belief, these "reviews" are nothing more than a fraudulent attempt to lure consumers to other websites in order to promote the sale of "Libitrinex." The Website includes numerous "Buy Now" links to certain of the products that the Website is supposedly reviewing – yet only the "Libitrinex" links are actually functional, and these links take consumers directly to www.libitrinex.com where they encounter more advertising for, and the ability to purchase, the so-called Libitrinex products. **Exhibit F**.

15.     Upon information and belief, the Website uses a stock image of a man in a white lab coat with a stethoscope under the title "Senior Editor" and purportedly named Arthur Berkowitz to bolster the fraudulent reviews and further deceive consumers. **Exhibits D, G**.

16.     The Website includes a webpage devoted to purported "reviews" of "2021's Top Female Libido Supplements." **Exhibit E**. Included on this page is a quote under the stock image of "Arthur Berkowitz, Senior Editor" which reads: "84% of female libido support supplements selected for testing did not pass the quality test! Our team have compiled a list of what we have found to be the top five products in this category on the market today." *Id.* Upon information and belief, no such study exists.

17.     A Google® image search using the image of "Arthur Berkowitz" returns over 200 similarly deceptive websites promoting various nutritional supplements, including products directed to diet and weight loss, male enhancement, sleep aids, and hair loss, among others. **Exhibit H**. This same stock image appears on various other medical-related websites, including http://www.gastroenterologistpaloalto.com/, **Exhibit I**, and https://www.ortholive.com/blog/

4

telehealth-for-the-solo-or-retiring-physician/, **Exhibit J**.

18. Of the more than 200 websites using the same stock image of "Arthur Berkowitz, Senior Editor," dozens appear to use the same or similar quote regarding other products. For example, a website entitled "Keto Pills Reviews" includes the same stock image of "Arthur Berkowitz, Senior Editor" with the quote "84% of keto supplements selected for testing did not pass the quality test! Our team have compiled a list of what we have found to be the top five products in this category on the market today." **Exhibit K**. Another website hosted on the domain name "honestdietreview.com" includes the same stock image of "Arthur Berkowitz, Senior Editor" and the quote "87% of diet supplements selected for testing did not pass the quality test! Our team have compiled a list of what we have found to be the top five products in this category on the market today." **Exhibit L**. Similar websites exist with near-identical quotes for hair loss products, sleep aids, and male enhancement supplements, among others. *See generally* **Exhibit H**.

19. Further confirming the fraudulent nature of the Website, the purported "Sources" for the false and misleading information on ADDYI®, a prescription medication to treat HSDD, are websites devoted to hair loss products. **Exhibit D**, at 9-10. For first fourteen "Sources" with emphasis added are:

1. https://www.cosmopolitan.com/style-beauty/beauty/a24894704/**hair-growth**-vitamins-supplements-tablets/
2. https://www.philipkingsley.com/hair-guide/hair-science/**hair-growth**-cycle
3. https://www.sciencemag.org/news/2007/11/thick-head-**hair-genes**
4. https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5315033/
5. https://www.mayoclinic.org/healthy-lifestyle/stress-management/expert-answers/stress-and-**hair-loss**/faq-20057820
6. https://www.wellandgood.com/good-looks/8-supplements-for-thicker-**fuller-hair**/
7. https://www.prevention.com/beauty/hair/g23724399/best-vitamins-**hair-growth**/
8. https://www.stylecraze.com/articles/benefits-of-reishi-for-skin-**hair-and-health**/#gref

9.    https://www.byrdie.com/how-do-**keratin-treatments**-work
10.   https://www.healthline.com/health/biotin-**hair-growth**
11.   https://www.philipkingsley.co.uk/hair-guide/healthy-**hair-nutrition**/zinc
12.   https://www.**naturallycurly**.com/**curlreading**/ingredients/flaxseed-oil-si
13.   https://www.healthline.com/health/vitamin-watch-what-does-b5-do
14.   https://www.healthline.com/health/beauty-skin-care/**vitamin-e-for-hair**

*Id.* The Website also contains a floating link to "Top Hair Supplement," despite being a website devoted to female libido products, which takes the user to the information about and a link to purchase Libitrinex. **Exhibit D**, at 2.

20.    Upon information and belief, Defendant purchases advertising using Sprout's federally registered trademark, ADDYI®, as an "Ad Word" to drive internet traffic to the Website. Defendant's advertising campaign exacerbates Defendant's unfair and deceptive acts and practices by driving Sprout's prospective customers to the Website where they encounter false and misleading information, deceiving those potential customers into believing that ADDYI® is an inferior medication and that over-the-counter products are equivalent therapeutic treatments for HSDD. Defendant thereby deprives Sprout of the opportunity to earn future sales and profits from its ADDYI® medication.

21.    Upon information and belief, Defendant's false and deceptive statements on its Website have directed business away from Sprout and decreased sales of its ADDYI® medication.

22.    Upon information and belief, Defendant's false and deceptive statements on its Website have damaged Sprout's business reputation and the reputation of its ADDYI® medication.

23.    Upon information and belief, Defendant's false and deceptive statements on its Website have confused and deceived consumers into wrongly believing that ADDYI® is an inferior medication and that the alternatives presented on the Website, especially "Libitrinex," are equivalent and/or alternative treatments to ADDYI® for HSDD.

24.    Upon information and belief, Defendant has received and is continuing to receive

6

financial compensation and other benefits for publishing the false and deceptive statements on the Website which harm Sprout.

## FIRST CLAIM FOR RELIEF
### (Lanham Act Unfair Competition & False Advertising – 15 U.S.C. § 1125(a))

25.    The allegations of all of the foregoing paragraphs of the Complaint are incorporated by reference as though fully restated herein.

26.    The conduct of Defendant as described above constitutes unfair competition and false advertisement in violation of the Lanham Act, in that Defendant has published false and misleading statements that are likely to cause confusion and deceive consumers into believing that Sprout produces inferior products and that they should not use Sprout's products.

27.    The conduct of Defendant as described above constitutes unfair competition and false advertisement in violation of the Lanham Act, in that Defendant has published false and misleading statements that are likely to direct consumers away from purchasing or otherwise using Sprout's products and instead purchase products from other persons or entities.

28.    Upon information and belief, Sprout has lost sales of its products due to Defendant's unfair competition and false advertisement.

29.    Sprout has been and will continue to be injured as a direct and proximate result of Defendant's unfair and deceptive acts and practices in that Sprout has been deprived of the opportunity to earn future sales and profits by diversion of business away from Sprout and by the harm caused to Sprout's business reputation. In addition, Defendant has been unjustly enriched, and will be unjustly enriched, by reason of its unfair and deceptive acts and practices, in that Defendant receives a financial benefit as a direct and proximate result of its unlawful conduct. The total amount of damages that Sprout has sustained or will sustain, and the total amount by which Defendant has been or will be unjustly enriched, will be proven at trial.

30.     Defendant's false and misleading statements, unfair competition, and false advertisement rise to the level of "exceptional" within the meaning 15 U.S.C. § 1117(a) and justify an award to Sprout of its reasonable attorney's fees.

31.     Defendant's actions, as set forth above, constitute unfair competition and false advertisement in violation of 15 U.S.C. § 1125(a).

## SECOND CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices under N.C. GEN. STAT. § 75-1.1)

32.     The allegations of all of the foregoing paragraphs of the Complaint are incorporated by reference as though fully restated herein.

33.     Defendant's Website is accessible within the state of North Carolina, and the harmful content and false statements complained of, as stated above, are directed at consumers in North Carolina, and Sprout, which has a principal place of business in North Carolina, and thus the conduct of Defendant directly affects commerce in the State of North Carolina.

34.     Upon information and belief, North Carolina consumers have been and continue to be deceived by the false and misleading statements contained on the Website.

35.     Upon information and belief, Sprout has lost sales of its products in North Carolina due to Defendant's unfair competition and false advertising.

36.     The conduct of Defendant as described above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. GEN. STAT. § 75-1.1.

37.     Sprout has been and will continue to be injured as a direct and proximate result of Defendant's unfair and deceptive acts and practices in that Sprout has been deprived of the opportunity to earn future sales and profits by diversion of business away from Sprout and by the harm caused to Sprout's business reputation. In addition, Defendant has been unjustly enriched, and will be unjustly enriched, by reason of its unfair and deceptive acts and practices, in that

Defendant receives a financial benefit as a direct and proximate result of its unlawful conduct. The total amount of damages that Sprout has sustained or will sustain, and the total amount by which Defendant has been or will be unjustly enriched, will be proven at trial. Such damages should be trebled pursuant to N.C. GEN. STAT. § 75-16.

38.     Defendant has willfully engaged in the acts and practices alleged above, justifying an award of attorneys' fees pursuant to N.C. GEN. STAT. § 75-16.1.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

39.     All of the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth fully herein.

40.     Defendant's Website is accessible within the state of North Carolina, and the harmful content and false statements complained of, as stated above, are directed at consumers in North Carolina, and Sprout, which has a principal place of business in North Carolina, and thus the conduct of Defendant directly affects commerce in the State of North Carolina.

41.     Upon information and belief, North Carolina consumers have been and continue to be deceived by the false and misleading statements contained on the Website.

42.     The conduct of Defendant as described above constitutes unfair competition under North Carolina common law, in that Defendant has published false and misleading statements that are likely to cause confusion and deceive consumers into believing that Sprout produces inferior products and that they should not use Sprout's products.

43.     The conduct of Defendant as described above constitutes unfair competition under North Carolina common law, in that Defendant has published false and misleading statements that are likely to direct consumers away from purchasing or otherwise using Sprout's products and instead purchase products from other persons or entities.

44.     Upon information and belief, Sprout has lost sales of its products in North Carolina due to Defendant's unfair competition and false advertising.

45.     Sprout has been and will continue to be injured as a direct and proximate result of Defendant's unfair competition in that Sprout has been deprived of the opportunity to earn future sales and profits by diversion of business away from Sprout and by the harm caused to Sprout's business reputation. In addition, Defendant has been unjustly enriched, and will be unjustly enriched, by reason of its unfair competition, in that Defendant receives a financial benefit as a direct and proximate result of its unlawful conduct. The total amount of damages that Sprout has sustained or will sustain, and the total amount by which Defendant has been or will be unjustly enriched, will be proven at trial.

**WHEREFORE**, Sprout prays for relief as follows:

(a)     Enjoin Defendant from further illicit use of Sprout's registered trademarks, publication of false descriptions of Sprout's products through the Website or in any other manner, and the continued utterance of false and misleading statements.

(b)     Award damages against Defendant, in an amount to be determined at trial, to the extent permitted by the applicable law;

(c)     Disgorge any unlawful profits obtained by Defendant through the aforementioned acts, under equity or as a substitute measure for damages;

(d)     Award nominative damages if necessary;

(e)     Find this case "exceptional" within the meaning 15 U.S.C. § 1117(a) and award Sprout its reasonable attorney's fees.

(f)     Award Sprout treble damages and attorney's fees in accordance with N.C. GEN.

STAT. §§ 75-16 and 75-16.1;

    (g)      Award Sprout its costs of suit; and

    (h)      Grant such further relief as the Court deems just and proper.

## JURY DEMAND

Sprout hereby demands trial by jury as to all issues so triable.

Respectfully submitted this 15th day of March, 2021.

/s/ *Jacob S. Wharton*
Jacob S. Wharton, NCSB No. 37421
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Phone: 336-747-6609
Email: Jacob.Wharton@wbd-us.com

John D. Wooten IV, NCSB No. 51074
WOMBLE BOND DICKINSON (US) LLP
300 N. Greene St., Suite 1900
Greensboro, NC 27401
Phone: 336-574-8090
Email: JD.Wooten@wbd-us.com

*Attorneys for Sprout Pharmaceuticals, Inc.*